SUSAN TART NORRIS v. BELK'S DEPARTMENT STORE
OF DUNN, NORTH CAROLINA, INCORPORATED.

(Filed 1 May 1963.)

**1. Negligence § 37b—**

> The proprietor of a store owes the duty to his customers to exercise reasonable care to keep the aisles and passageways in a reasonably safe condition so as not to expose the customers unnecessarily to danger, and the duty to give warning of unsafe conditions of which the proprietor

knows or in the exercise of reasonable supervision and inspection should know, but the proprietor is not an insurer of the safety of his customers.

**2. Same—**

Where an unsafe condition is created by third parties or an independent agency, plaintiff must show that such condition had existed for such a length of time that defendant knew, or by the exercise of reasonable care should have known, of its existence in time to have removed the danger or to have given proper warning of its presence, and what length of time is sufficient to charge the proprietor with implied knowledge depends upon the facts and circumstances of each case.

**3. Negligence § 37f— Evidence held insufficient to be submitted to jury on issue of negligence of store proprietor.**

Evidence tending to show that plaintiff customer fell in the aisle of defendant's store when a small round stick under a small piece of tissue paper rolled when she stepped on it, without evidence of how long the debris had been on the floor before plaintiff fell, and without evidence from which it might be inferred that the type of goods sold at the counters was such that if merchandise were dropped dangerous conditions would result, and without evidence that the aisles and passageways were not swept and cleaned at reasonable intervals, *is held* insufficient to be submitted to the jury on the issue of defendant's negligence, since it was not reasonably foreseeable that harm would result to anyone from the presence of the tissue paper, and that a stick was under the paper was no more apparent to defendant than to plaintiff.

APPEAL by plaintiff from *Braswell, J.,* January 1963 Term of HARNETT.

Action to recover damages for personal injuries.

Plaintiff alleges: While shopping in defendant's retail department store, her foot slipped and she fell when she "stepped upon a spot or area (of a tiled floor in an aisle) . . .which was covered with an oily or greasy substance of a slippery nature and where trash and debris had accumulated, so as to make the floor extremely dangerous for persons using said aisle." Defendant knew, or in the exercise of reasonable care should have known, that the floor was unsafe. Defendant was negligent in failing to keep the aisle reasonably free of debris, maintaining a dangerous condition by permitting the debris to remain on the floor, failing to warn plaintiff of the danger, and arranging fixtures and merchandise so as to partially obscure plaintiff's view of the aisle. Such negligence proximately caused injury to plaintiff.

Defendant denies the allegations of negligence and alleges contributory negligence.

Plaintiff's evidence is in substance as follows: Plaintiff entered defendant's store at Dunn, N. C., about 1:15 P. M. on 14 March 1961, and went to several departments. About 2:15 P. M. she went to the

infant's department on the second floor. She was an expectant mother. The merchandise was displayed on counters along an aisle. She examined a dress, and as she turned to leave the counter her foot suddenly slipped from under her, she fell and was injured. She testified: "My foot slipped on some paper and a sucker stick under the paper. . . . I looked on the floor and saw . . . two or three pieces of paper and the sucker stick was underneath the paper and caused my foot to roll out from under me. I saw the sucker stick after I fell. After I fell, I looked at the paper the sucker stick was on and it was like it had chewed it up, crinkled." It was tissue paper "just like that where you wrap up baby clothes." The paper and stick were close to the counter which was inset about 4 inches at the bottom. The floor was of some sort of tile. Plaintiff was wearing low shoes with good heels. The place where she fell was 15 or 20 feet from the wrapping counter and cash register. There is a clear view of this part of the aisle from the counter and cash register. Plaintiff reported the accident to an employee and the assistant manager of the store. About 35 minutes before the accident, plaintiff's mother-in-law saw two or three pieces of tissue paper at the place where the accident occurred.

At the close of plaintiff's evidence the court sustained defendant's motion for nonsuit. From judgment of nonsuit plaintiff appeals.

*Bryan & Bryan and Wilson and Bain for plaintiff.*
*Maupin, Taylor & Ellis and Robert B. Morgan for defendant.*

MOORE, J. Plaintiff appellant asserts that the "sucker stick" covered by tissue paper constituted a hidden danger, this condition had existed in the aisle for thitry-five minutes at least, defendant in the exercise of reasonable care should have discovered and removed the hazard or warned plaintiff of its existence, and by failure to do so defendant is exposed to liability for damages.

It is axiomatic that storekeepers are not insurers of the safety of their customers while on store premises. *Copeland v. Phthisic,* 245 N.C. 580, 96 S.E. 2d 697. Customers are invitees and the law imposes on storekeepers the duty of exercising reasonable care to keep the aisles and passageways where customers are expected to go in a reasonably safe condition, so as not to unnecessarily expose them to danger, and to give warning of unsafe conditions of which the storekeeper knows or in the exercise of reasonable supervision and inspection should know. *Lee v. Green & Co.,* 236 N.C. 83, 72 S.E. 2d 33.

Where an unsafe condition is created by third parties or an independent agency, plaintiff must show that it had existed for such a

length of time that defendant knew, or by the exercise of reasonable care should have known, of its existence in time to have removed the danger or given proper warning of its presence. *Case v. Cato's, Inc.*, 252 N.C. 224, 113 S.E. 2d 320; *Powell v. Deifells, Inc.*, 251 N.C. 596, 112 S.E. 2d 56. "The length of time for which a dangerous condition in a store must exist to charge a storekeeper with knowledge of it depends on the nature of the business, the size of the store, the number of customers, the nature of the dangerous condition, and its location." 65 C.J.S., Negligence, s. 51, pp. 547-8.

The instant case is factually unique in that the dangerous substance was a stick concealed by an innocuous piece of tissue paper. While there is no specific description of the stick in the record, it is assumed that it was cylindrical, wooden or plastic, three or four inches long, and had a diameter smaller than an ordinary pencil, and that it had been inserted in a piece of candy as a handle and was discarded after the candy was eaten. There is no showing that candy was sold in the infant's department or anywhere in the store. The dimensions of the tissue paper are not given, but inasmuch as it was of the type of paper used to wrap or separate infant's garments, the inference is that its size was relatively small. There is no evidence that either the stick or the paper was dropped or thrown on the floor by an employee of defendant.

Where a storekeeper or his employee has knowledge that a slippery, or otherwise inherently dangerous, substance is present in an aisle or passageway of a store and negligently permits it to remain there and fails to warn imperiled customers, or where such substance is and remains in the aisle or passageway for such period of time that the storekeeper or his employees in the exercise of reasonable care should have discovered its presence and removed it or given warning, and fails to do so, liability attaches for injury in consequence of such neglect. *Raper v. McCrory-McLellan Corp.*, ante. 199.

The two or three pieces of tissue paper referred to in the evidence may not be classified as inherently dangerous susbstances when lying on a level floor. There is no evidence that the floor itself was slippery. It was not reasonably foreseeable that harm would come to anyone from the presence of the tissue paper. *Wentz v. J. J. Newberry Co.*, 273 N.Y.S. 449 (1934). That a sucker stick was under the paper was no more apparent to defendant than to plaintiff.

Defendant had the duty to exercise reasonable care to keep the aisles and passageways in reasonably safe condition. A storekeeper must use reasonable care to prevent trash and debris from accumulating in and on its aisles and stairways to such extent as to be obvious-

ly dangerous to customers who are expected to use these passageways. *Relahan v. F. W. Woolworth Co.,* 67 P. 2d 538. But this does not mean that every storekeeper must maintain a continuous sweeping and cleaning operation and see that no scraps of paper remain on the floor, nor are they required to anticipate that some dangerous substance may lurk under each piece of paper that falls. They are charged only with reasonable care. There is not a scintilla of evidence in this record that there was any trash or debris in any of the aisles or passageways of defendant's store other than the tissue paper and sucker stick. There is no suggestion that the aisles and passageways were not swept and cleaned at reasonable intervals. There is no evidence from which it may be inferred that the type of goods sold was such that if merchandise were dropped dangerous conditions would result. We find no evidence of neglect of duty on the part of defendant proximately causing plaintiff's injury.

*Smith v. American Stores Co.,* 40 A. 2d 696 (Pa. 1945), is in some aspects quite similar to the case at bar. Plaintiff was making a purchase in defendant's meat and produce market. While carrying a package from the meat counter to the cashier's desk she stepped on a piece of paper. The paper was about a foot square and apparently was flat on the floor. Actually there were some carrot tops under the paper. When plaintiff stepped on the paper her foot slipped, she fell and was injured. The trial court allowed recovery, but the appellate court reversed. The evidence failed to disclose how long the carrot tops had been there and who put them there. The legal questions involved were in some respects different from those presented on the present appeal, but the facts were quite similar. We have found no decision more nearly in point.

The judgment below is
Affirmed.